## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DANIEL RAY GRIFFIN,
                Appellant,

        v.

UNITED STATES POSTAL SERVICE,
                Agency.

DOCKET NUMBER
AT-3443-14-0487-I-1

DATE: October 31, 2014

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Daniel Ray Griffin</u>, Stockbridge, Georgia, pro se.

<u>Gillian Steinhauer</u>, Esquire, Memphis, Tennessee, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal of the delay in his receipt of the Office of Workers' Compensation Programs (OWCP) benefits for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2      The appellant filed an appeal with the Board in which he indicated that he was appealing the "None [sic] payment of COP [continuation of pay] for over 30 days." Initial Appeal File (IAF), Tab 1 at 3. The administrative judge issued an acknowledgment order identifying the matter being appealed as the denial of OWCP benefits for over 30 days and ordered the appellant to file evidence and argument to show that the appeal was within the Board's jurisdiction. IAF, Tab 3 at 2. In response, the appellant asserted that he was not appealing the denial of OWCP benefits but, rather he was contesting the agency's alleged failure to return him to work following his injury. IAF, Tab 8 at 4. The administrative judge consequently issued an order informing the appellant that he intended to: (1) docket a new appeal regarding the agency's alleged failure to return the appellant to work following his partial recovery from a compensable injury[2]; and

---

[2] The administrative judge docketed the appellant's restoration claim as a separate appeal, which was dismissed for lack of jurisdiction in an initial decision. *See Griffin*

(2) dismiss the instant appeal as withdrawn based on the appellant's statement that he did not wish to appeal the denial of COP. IAF, Tab 9. The administrative judge afforded the appellant 7 days to object to the order. *Id.* The appellant timely objected clarifying that he had in fact received COP benefits and that the issue he sought to appeal was the delay in receipt of such benefits. IAF, Tab 10 at 4. In an initial decision, issued without holding the appellant's requested hearing, the administrative judge dismissed the appeal for lack of jurisdiction. IAF, Tab 13, Initial Decision.

¶3        The appellant has filed a petition for review in which he asserts that the administrative judge improperly determined his claim to be within the jurisdiction of OWCP because it was the agency's obligation to pay his COP once OWCP approved his on-the-job injury. Petition for Review (PFR) File, Tab 1 at 4. The agency has responded in opposition to the appellant's petition. PFR File, Tab 3. The appellant has filed a reply.[3] PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶4        The Board's jurisdiction is not plenary; it is limited to those matters over which it has been given jurisdiction by law, rule or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). Thus, it follows that the Board does not have jurisdiction over all matters alleged to be unfair or incorrect. *Johnson v. U.S. Postal Service*, 67 M.S.P.R. 573, 577 (1995). An appellant's entitlement to COP is within the exclusive jurisdiction of OWCP. *See, e.g.*, *Allen v. Department of Veterans Affairs*, 112 M.S.P.R. 659, ¶ 20 (2009), *aff'd*, 420 F. App'x 980 (Fed. Cir. 2011); *Miller v. U.S. Postal Service*, 26 M.S.P.R. 210, 213 (1985). Thus, the administrative judge correctly found that the Board

---

*v. U.S. Postal Service*, MSPB Docket No. AT-0353-14-0738-I-1, Initial Decision (Oct. 29, 2014).

[3] The appellant did not file his reply until August 14, 2014. PFR File, Tab 4. We note that the record on review closed on August 4, 2014, upon the expiration of the appellant's time period for filing a reply. 5 C.F.R. § 1201.114(k). However, we find that appellant's untimely reply does not affect our disposition in this case.

lacks jurisdiction to review the appellant's claim that he was harmed by the delay in receipt of OWCP benefits. *See, e.g.*, *Lee v. Department of Labor*, 76 M.S.P.R. 142, 146 (1997) (holding that the Board lacks jurisdiction to review a denial of OWCP benefits).

¶5        The appellant has the burden of proving, by preponderant evidence, that his appeal is within the Board's jurisdiction. 5 C.F.R. § 1201.56(a)(2)(i).    The appellant's petition for review does not persuade us that the administrative judge erred or that the Board has jurisdiction over the purported delay in his receipt of COP.  The appellant has failed to offer any law, rule, or regulation that provides for Board jurisdiction; rather, the appellant simply asserts his belief that the Board is the proper forum.  PFR File, Tab 1 at 5.  Accordingly, the appellant has shown no basis upon which to disturb the initial decision.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in

Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:             _____
                           William D. Spencer
                           Clerk of the Board

Washington, D.C.